IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Eric Alan Sanders, | ) | C/A No. 0:15-586-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Family Dollar Stores, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Eric Alan Sanders, a self-represented litigant, filed this employment discrimination matter against the named defendant. This matter is before the court on the defendant's motion to dismiss or, in the alternative, to compel. (ECF No. 47.)

The defendant initially sought to depose Sanders in September 2015 and served Sanders with a subpoena and notice of deposition. (ECF No. 47-2.) A week prior to the date of the deposition, Sanders sent an email requesting that the deposition be postponed. (ECF No. 47-3 at 4-5.) The defendant complied and postponed the deposition by several days, while advising Sanders that the deposition could not be postponed further due to the discovery deadline established by the court. (Id. at 4.) The day before the rescheduled deposition, Sanders indicated via email that he would be in attendance; however, the morning of the deposition, Sanders emailed the defendant that he could not attend the deposition due to a stomach condition. (Id. at 2.) Accordingly, the defendant cancelled the deposition and moved the court for an extension of the discovery deadline, which was subsequently granted. (ECF Nos. 40 & 44.) The defendant made a second attempt to depose Sanders in November 2015 and served Sanders with a subpoena and notice of deposition. (ECF No. 47-4.) Sanders agreed to appear, but expressed concerns about his financial situation and his ability

to find transportation, and proposed a deposition by telephone. (ECF No. 47-5.) According to the defendant, Sanders arrived thirty minutes late for his deposition and, prior to going on the record, moved to "terminate" the deposition, claiming hardship for having to appear. (Def.'s Mem. Supp. Mot., ECF No. 47-1 at 4.) After a discussion between the parties, Sanders consented to proceed with the deposition. (Id.) However, after approximately an hour of testimony, Sanders again moved to terminate the deposition, alleging that he was feeling anxious, and requested that any future depositions take place via telephone. (ECF No. 47-6 at 61-67.) The defendant informed Sanders of the expenses incurred in scheduling and attempting to conduct his deposition and of its intent to file a motion to compel or to dismiss his Complaint. (Id.)

Sanders filed a response to the defendant's motion alleging that exhibits provided by the defendant during the deposition were not authentic and had been "altered" by the defendant or defendant's counsel. (ECF No. 53.) He also states that he prepared changes to the transcript from the deposition to "add[] clarity, details to his original deposition testimony, corrections of errors, etc."[1] (Id.) However, Sanders has presented no explanation for his refusal to participate in the discovery process pursuant to the Federal Rules of Civil Procedure—specifically in allowing the defendant to depose Sanders with regard to the issues raised in his Complaint. Although Sanders references Rule 30(d)(3)(A) which allows a deponent to "move to terminate or limit [a deposition] on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent," the court notes that Sanders has neither sought nor obtained an order from the court granting such a termination pursuant to Rule 30(d)(3).

---

[1] The defendant notes that Sanders has had time to complete an errata sheet, but that the defendant nor the court reporter received any such documents within the time period prescribed by the Federal Rules of Civil Procedure. (Def.'s Reply, ECF No. 54.)



The defendant now seeks an order from the court compelling Sanders to attend a deposition or, in the alternative, for dismissal of the case for failure to participate in discovery in good faith. Additionally, the defendant seeks an award of attorneys fees and costs incurred as a result of Sanders's actions. Upon review of the motion, it is hereby

**ORDERED** that the defendant's motion to compel is granted. The defendant shall file an affidavit of fees and costs associated with its motion to compel by **February 19, 2016**. It is further

**ORDERED** that Sanders shall appear to testify at a deposition on or before **March 10, 2016** pursuant to notice by the defendant in accordance with the Federal Rules of Civil Procedure. **Failure to comply may result in contempt of court and/or other sanctions, including but not limited to dismissal of the Complaint, pursuant to Rule 37(d) (incorporating the sanctions listed in Rule 37(b)(2)(A)(i)-(vi)) of the Federal Rules of Civil Procedure.** It is further

**ORDERED** that the defendant's motion to dismiss based on Sanders's alleged failure to cooperate in the discovery process is hereby held in abeyance pending Sanders's compliance with this Order. Defendant may renew its motion for dismissal within 14 days of Sanders's deposition, if warranted.[2]

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 10, 2016
Columbia, South Carolina

---

[2] If no filing is made by the defendant indicating that Sanders has failed to comply with this Order on or before **March 24, 2016**, the defendant's motion to dismiss will be recommended for dismissal as moot.