# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ROCK HILL DIVISION

| | | |
|---|---|---|
| Eric Alan Sanders, | ) | Civil Action No. 0:15-cv-00586-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Family Dollar Stores of South Carolina, | ) | |
| Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Eric Alan Sanders ("Sanders" or "Plaintiff") filed this action pro se against his former employer, Defendant Family Dollar Stores of South Carolina, Inc. ("Family Dollar" or "Defendant"), alleging that he was subjected to discrimination, retaliation, and a hostile work environment in violation of the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e17, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12213. (ECF No. 1.)

This matter is before the court on Plaintiff's Appeal/Motion to Vacate an Order (ECF No. 57) filed by United States Magistrate Judge Paige J. Gossett on February 10, 2016 (the "February Order"), pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. (ECF No. 61.) In the February Order, the Magistrate Judge granted Defendant's Motion to Compel[1] (ECF No. 47) and ordered Plaintiff to "appear to testify at a deposition" or face "contempt of court and/or other sanctions, including but not limited to dismissal of the Complaint, . . . ." (ECF No. 57 at 3.) The Magistrate Judge further ordered Defendant to "file an affidavit of fees and costs associated with its motion to compel[,]" but held in abeyance ruling on Defendant's Motion to Dismiss (ECF No.

---

[1] According to Defendant, Plaintiff has "unilaterally cancelled two properly scheduled depositions" and "terminated his third-scheduled deposition after an hour of testimony and before Family Dollar was given the opportunity to address the merits of his case." (ECF No. 62 at 2.)

47) "based on Sanders's alleged failure to cooperate in the discovery process." (ECF No. 57 at 3.)

In his Appeal/Motion to Vacate, Plaintiff requests that the court vacate the February Order, receive further evidence at a hearing, and not return the matter to the Magistrate Judge "due to her manifest bias directed towards the Plaintiff." (ECF No. 61 at 14.) In response, Defendant "requests that the Court overrule Plaintiff's objections, require Plaintiff to appear for deposition within 15 days of the Court's order, and award Family Dollar the fees and costs incurred by Family Dollar in pursuing its motion to compel." (ECF No. 62 at 6.) For the reasons stated below, the court **DENIES** Plaintiff's Appeal/Motion to Vacate.

## I.    JURISDICTION

This court has jurisdiction over Plaintiff's Title VII claim via 28 U.S.C. § 1331, as it arises under a law of the United States, and also via 42 U.S.C. § 2000e–5(f)(3), which empowers district courts to hear claims "brought under" Title VII. Additionally, the court has jurisdiction over Plaintiff's ADA claim via 28 U.S.C. § 1331, as the claim arises under a law of the United States, and also via 42 U.S.C. §§ 12117 & 2000e–5(f)(3), which empower district courts to hear claims by "person[s] alleging discrimination on the basis of disability."

## II.    LEGAL STANDARD

28 U.S.C. § 636(b)(1)(A) allows district courts to refer certain nondispositive pretrial matters to magistrate judges. Under the Federal Rules of Civil Procedure, "[a] party may serve and file objections to the order" of a magistrate judge on a nondispositive pretrial matter "within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). The district judge retains the authority to reconsider or set aside any pretrial matter decided by a magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28

U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a).  "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).  "[A]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure."  King v. Marriott Int'l, Inc., C/A No. 9:05-1774-PMD-RSC, 2006 WL 2092592, at *3 (D.S.C. July 26, 2006) (citation omitted).

### III.     ANALYSIS

A.     The Parties' Arguments

Plaintiff states both "general" and "specific" Objections in support of his Appeal/Motion to Vacate the Magistrate Judge's February Order.  In his General Objections, Plaintiff argues the February Order should be vacated because: (1) the Scheduling Order (ECF No. 26) entered by the court was defective and unenforceable because it did not provide for a Rule 26(f) conference; (2) the Magistrate Judge abused her discretion by ruling on Defendant's Motion to Compel (ECF No. 47) while Plaintiff's motion to recuse was pending in another case; (3) the Magistrate Judge entered the February Order without providing Plaintiff his due process right to notice and a hearing; and (4) the Magistrate Judge awarded Defendant sanctions without determining whether its counsel acted in bad faith.  (ECF No. 61 at 2–6.)  In his Specific Objections, Plaintiff attempts to provide additional factual context to respond to 8 alleged criticisms that were made about his actions during discovery in either the February Order or documents filed by Defendant.  (Id. at 6–13.)  Plaintiff concludes his Appeal/Motion to Vacate by asking the court to vacate the February Order, receive further evidence at a hearing, and not return the matter to the Magistrate Judge.  (Id. at 14.)

Defendant opposes Plaintiff's Appeal/Motion to Vacate asserting that "[n]othing in Judge Gossett's order was contrary to law or clearly erroneous" and she "properly determined that Plaintiff's deposition should be compelled and costs and fees should be considered."  (ECF No. 62 at 1, 2.)  Defendant further asserts that Plaintiff's General and Specific Objections are without merit and should be dismissed.  (Id. at 3–6.)  Accordingly, Defendant requests that the court "overrule Plaintiff's objections, require Plaintiff to appear for deposition within 15 days of the Court's order," and award it fees and costs.  (Id. at 6.)

B.     The Court's Review

Upon review of the documentation submitted in support of the Appeal/Motion to Vacate, the court is not persuaded that Plaintiff's General Objections provide a basis for vacating the February Order.  In this regard, the court observes that Plaintiff as a pro se party was not entitled to a Rule 26(f) conference.  Local Civ. Rule 16.00 n.8 (D.S.C.) ("Due to the special concerns raised by oral communications between counsel and unrepresented litigants, it is the general practice in this district to waive the Fed. R. Civ. P. 26(f) conference requirement when any party is proceeding pro se."); Local Civ. Rule 7.02 (D.S.C.) ("Counsel is under no duty to consult with a pro se litigant.").  Moreover, the Magistrate Judge did not abuse her discretion by entering the February Order without having a motion hearing[2] and while a motion to recuse was pending in another case.[3]  Finally, Rule 37 did not require the Magistrate Judge to assess bad faith on the part of Defendant as the movant seeking discovery.   See, e.g., Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998) (In determining

---

[2] Unless so ordered, motions may be determined without a hearing.  Local Civ. Rule 7.08 (D.S.C.).

[3] The court generally considers 3 factors in determining whether to stay a matter pending the decision in another case: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." Johnson v. DePuy Orthopaedics, Inc., No. 3:12-cv-2274, 2012 WL 4538642, at *2 (D.S.C. Oct. 1, 2012) (granting stay pending a transfer of the case to MDL) (citation omitted).

what sanctions to impose under Rule 37, a district court must consider: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.") (citation omitted).

Additionally, the court considered the factual context provided by Plaintiff in his Specific Objections and concluded that it does not establish the "manifest bias of the Magistrate Judge in not allowing the Plaintiff to participate in judicial proceedings due to his unique intellectual disabilities and impairments." (ECF No. 61 at 11.) Even if the degree and severity of his impediments are substantiated by evidence, Plaintiff's decision to self-represent "does not exempt . . . [him] from compliance with relevant rules of procedural and substantive law." Williams v. Harvey, C/A No. 4:05CV161, 2006 WL 2456406, at *6 (E.D. Va. Aug. 21, 2006) (quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981)). As a result, the court is unable to conclude that the February Order is clearly erroneous or contrary to law.

Accordingly, the court must deny Plaintiff's Appeal/Motion to Vacate.

## IV.    CONCLUSION

For the foregoing reasons, the court **OVERRULES** Plaintiff's Objections and **DENIES** his Appeal/Motion to Vacate the Order entered by the Magistrate Judge on February 10, 2016. (ECF No. 61.) The court recommits the matter to United States Magistrate Judge Paige J. Gossett for consideration of any remaining discovery-related issues.

**IT IS SO ORDERED.**

_J. Michelle Childs_

United States District Judge

July 20, 2016
Columbia, South Carolina