IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Eric Alan Sanders, | ) | C/A No. 0:15-586-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Family Dollar Stores, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Eric Alan Sanders, a self-represented litigant, filed this employment discrimination matter against the named defendant. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendant's renewed motion to dismiss for Sanders's failure to participate in discovery. (ECF No. 80.) Sanders filed a response in opposition (ECF No. 83), and the defendant replied (ECF No. 88). Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion should be granted.

**BACKGROUND**

Sanders initiated this action against the defendant in February 2015. The court issued a scheduling order setting a deadline of September 17, 2015, by which the parties were to conduct discovery. (ECF No. 26.) The defendant initially sought to depose Sanders in September 2015 and served Sanders with a subpoena and notice of deposition to take place at the law offices of the defendant's attorney in Columbia, South Carolina. (ECF No. 47-2.) A week prior to the date of the deposition, Sanders sent an email requesting that the deposition be postponed, citing social anxiety,

*PJG*

pending motions in the instant case and deadlines in his other cases, and transportation hardship. (ECF No. 47-3 at 4-14.)  Sanders also made several additional requests, including that he be permitted to make his own audio recording of the deposition and that his deposition be taken by remote means pursuant to Federal Rule of Civil Procedure 30(b)(4).  (Id.)  The defendant consented to postpone the deposition by several days while advising Sanders that the deposition could not be postponed further due to the discovery deadline established by the court.  (Id. at 4.)  The defendant consented to several other requests made by Sanders, but would not agree to Sanders's request to make his own audio recording or his request to be deposed by telephone.  (Id.)

The day before the rescheduled deposition, Sanders indicated via email that he would be in attendance; however, the morning of the deposition, Sanders emailed the defendant that he could not attend the deposition due to a stomach condition.  (Id. at 2.)  Accordingly, the defendant cancelled the deposition and moved the court for an extension of the discovery deadline, which was subsequently granted.  (ECF Nos. 40 & 44.)  The defendant made a subsequent attempt to depose Sanders in November 2015 in Columbia, South Carolina at the law offices of the defendant's attorney and served Sanders with a subpoena and an amended notice of deposition.  (ECF No. 47-4.) Sanders agreed to "make every effort" to attend his deposition, but expressed concerns about his financial situation and his ability to find transportation, and again proposed a deposition by telephone.  (ECF No. 47-5.) According to the defendant, Sanders arrived thirty minutes late for his deposition and, prior to going on the record, moved to "terminate" the deposition, claiming hardship for having to appear. (Def.'s Mem. Supp. Mot., ECF No. 47-1 at 4.)  After a discussion between the parties, Sanders consented to proceed with the deposition.  (Id.)  However, after approximately an hour of testimony, Sanders again moved to terminate the deposition, alleging that he was feeling



anxious, and requested that any future depositions take place via telephone. (ECF No. 47-6 at 61-67.) The defendant informed Sanders of the expenses incurred in scheduling and attempting to conduct his deposition and of its intent to file a motion to compel or to dismiss his Complaint. (Id.) Following its attempt to depose Sanders, the defendant moved for an order compelling Sanders to attend a deposition or, in the alternative, for dismissal of the case for failure to participate in discovery in good faith. (ECF No. 47.) Additionally, the defendant sought an award of attorney's fees and costs incurred as a result of Sanders's actions. (Id.)

The court granted the defendant's motion to compel and directed the defendant to file an affidavit of fees and costs associated with its motion to compel. (ECF No. 57.) Additionally, the court ordered Sanders to appear and testify at a deposition on or before March 10, 2016 pursuant to notice by the defendant in accordance with the Federal Rules of Civil Procedure. (Id.) The court specifically warned Sanders that failure to comply may result in contempt of court and/or other sanctions, including but not limited to dismissal of the Complaint, pursuant to Rule 37(d) of the Federal Rules of Civil Procedure. (Id.) The court held in abeyance the defendant's motion to dismiss pending Sanders's compliance with its order. (Id.) Sanders appealed this order to the Honorable J. Michelle Childs, United States District Judge, who overruled Sanders's objections and denied his appeal by order issued July 20, 2016.[1] Following the issuance of the district judge's order, the court issued a docket text order again directing Sanders to appear to testify at a deposition on or before August 15, 2016 pursuant to notice by the defendant. (ECF No. 66.) Sanders was again warned of the consequences should he fail to comply. (Id.)

---

[1] Sanders filed multiple appeals of the district judge's order with the United States Court of Appeals for the Fourth Circuit, which issued an opinion on October 3, 2016, dismissing his appeals for lack of jurisdiction. (ECF No. 91.)



The defendant served Sanders with a notice of deposition, informing him that his deposition was scheduled to take place on August 15, 2016 in Columbia, South Carolina at the law offices of the defendant's attorney. (ECF No. 80-1 at 3-4.) Sanders responded to the defendant by email, reiterating that he was indigent, did not have transportation, and suffered from anxiety. (ECF No. 80-2 at 2-5.) Sanders also renewed his request to be deposed by telephone and to create his own recording of the deposition, and additionally informed the defendant that he wished to cross-examine himself and that he had numerous documents and audio files to provide to the defendant but that he could not afford to copy them. (Id.) Sanders also argued that traveling over one hundred miles to attend his deposition was an undue burden, citing Federal Rule of Civil Procedure 45(c)(1)(A). (Id. at 2.) The defendant responded that it could not agree to any of Sanders's demands. (Id.)

On August 11, 2016, Sanders moved for reconsideration of the court's order directing him to appear to testify at a deposition. (ECF No. 73.) Additionally, he moved for a protective order, requesting that his deposition "be taken by remote means" and that it "focus exclusively on the merits of [Sander's] claims" against Defendant Family Dollar Stores. (Id. at 7-8.) The court denied Sanders's motion for reconsideration and motion for protective order concerning his upcoming deposition by docket text order entered August 12, 2016. (ECF No. 75.)

Sanders did not appear for his deposition on August 15, 2016. (See ECF No. 80-3.) Accordingly, the defendant subsequently renewed its motion to dismiss for Sanders's failure to participate in discovery. (ECF No. 80.)

**DISCUSSION**

A.     **Applicable Standards**

Rule 37 of the Federal Rules of Civil Procedure authorizes the court to enter orders compelling discovery and to impose an array of sanctions for a party's failure to comply with such orders. If a party fails to obey an order to provide or permit discovery, the court may issue an order "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A). A party's failure, after being served with proper notice, to attend his own deposition or respond to discovery may be sanctioned by the court as provided in Rule 37(b)(2)(A). Fed. R. Civ. P. 37(d)(1), (3). Similarly, Rule 41(b) provides that a complaint may be dismissed for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure or an order of the court. Fed. R. Civ. P. 41(b); see Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989).

When exercising its discretion to impose sanctions under Rule 37, a court should consider: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs. Inc., 872 F.2d 88, 92 (4th Cir. 1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to apply four factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant due to the delay; (3) the history of the plaintiff in proceeding in a dilatory manner; and (4) the effectiveness of sanctions less drastic sanctions than dismissal. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978). "Courts have held that because the standard for dismissals under Fed. R. Civ. P. 37 is virtually identical to that for



dismissal for failure to prosecute under Fed. R. Civ. P. 41, 'the Court can combine its analysis of the question whether dismissal is appropriate under' both Rules." Woods v. Wells Fargo Bank, N.A., C/A No. 3:10-3160-SVH, 2012 WL 601872, at *3 (D.S.C. Feb. 23, 2012) (citation omitted).

**B.     Defendant's Motion to Dismiss**

The defendant seeks dismissal of this action due to Sanders's repeated failure to appear to testify at his deposition and his continued failure to comply with court orders. (ECF No. 80.)

As an initial matter, although *pro se* litigants are entitled to some deference from courts, see, e.g., Haines v. Kerner, 404 U.S. 519 (1972), they are nonetheless subject to the same time requirements and respect for court orders as other litigants. See Ballard, 882 F.2d at 96. Considering the factors established by the United States Court of Appeals for the Fourth Circuit, the court concludes that Sanders has exhibited bad faith by failing to comply with the court's orders requiring him to appear to testify at his deposition. The prejudice caused to the defendant by Sanders's noncompliance is two-fold: not only did the defendant incur great expense and expend significant time in attempting to take Sanders's deposition on multiple occasions, but the defendant was not able to fully depose Sanders, thereby hindering the defendant's ability to defend itself against the allegations brought by Sanders in his Complaint. Additionally, Sanders's conduct in refusing to appear for his depositions on multiple occasions demonstrates a history of proceeding in a dilatory manner as well as a failure to prosecute his own action. Although the court previously granted the defendant's motion to compel in which the defendant sought costs associated with filing its motion, the court has not yet sanctioned Sanders by issuing a ruling awarding any such costs to the defendant; however, it does not appear that the imminent possibility of such a ruling has deterred Sanders from continuing to disobey the court's orders. Moreover, as Sanders appears to have no

ability to pay monetary sanctions, such an award would likely have little deterrent effect. See Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008) (finding that monetary sanctions were not a viable alternative to dismissal because the plaintiff was proceeding *pro se* and *in forma pauperis*). Accordingly, there is no evidence that sanctions less drastic than dismissal would be effective in this case.

In response to the defendant's motion, Sanders appears to reargue that he should have been allowed to be deposed by telephone and that traveling to Columbia, South Carolina was unreasonably burdensome. (ECF No. 83 at 1-2.) He also appears to argue that he is entitled to a protective order because such a deposition would "harass, annoy, embarrass, [and] oppress" him. (Id. at 3.)

While Rule 30(b)(4) permits the taking of depositions by telephone, nothing in the Federal Rules of Civil Procedure absolutely entitles a plaintiff to have his deposition be taken telephonically. Rather, a plaintiff generally will be required to make himself available for examination in the district in which the suit was brought absent a showing of extreme hardship. 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2112 at 527-28 (3d ed. 2010). The record reflects that the defendant properly noticed Sanders's August 15, 2016, deposition to take place at the law offices of the defendant's counsel in Columbia, South Carolina. (See ECF No. 80-1 at 3-4.) This location is in the District of South Carolina, where Sanders filed his Complaint.[2] Although Sanders argues that he cannot travel to Columbia because he does not have

---

[2] The defendant points out that it noticed the deposition location in Columbia, South Carolina—as opposed to Greenville, South Carolina where defendant's counsel is located—in an attempt to split the travel burden between defendant's counsel and Sanders, who resides in Barnwell, South Carolina. (Def.'s Mot. to Dismiss, ECF No. 80 at 2 n.1.)



transportation or the funds to acquire transportation, the court notes that the cost for Sanders to attend a deposition in the forum in which he brought suit is generally an ordinary, necessary burden of litigation. Moreover, the court observes that Sanders has traveled to Columbia for a previous deposition attempt and for at least one other hearing in a separate case filed in this court.[3] Additionally, any hearings or jury trial scheduled in this matter would take place in Columbia and require Sanders's attendance. Accordingly, the court is not persuaded that the defendant's deposition location placed such an unreasonable burden on Sanders to excuse Sanders's failure to comply with the court's order to attend his deposition.[4]

## RECOMMENDATION

For the foregoing reasons, the court should exercise its discretion to impose sanctions pursuant to Rule 37(b)(2)(A). Accordingly, the court recommends that the defendant's motion to dismiss be granted. (ECF No. 80.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 22, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[3] See Sanders v. Wal-Mart Stores East LP, C/A No. 1:14-3509-JMC; see also Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) (the district court clearly had the right to take notice of its own records).

[4] To the extent Sanders's response in opposition argues that he should be entitled to a protective order pursuant to Rule 26(c)(1), Sanders's conclusory statements fail to meet the good cause standard necessary for such protection. Moreover, to the extent Sanders attempts to argue that previous rulings by this court may have contributed to his inability to comply with court orders compelling him to attend his deposition—such as rulings denying Sanders a Rule 26(f) conference, appointment of counsel, and a stay—such arguments are unavailing.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).