IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Eric Alan Sanders, ) | |
| ) | Civil Action No. 0:15-cv-00586-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Family Dollar Stores, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

    Plaintiff Eric Alan Sanders, proceeding pro se, filed a complaint against Defendant Family Dollar Stores, Inc. alleging a hostile work environment, negligence, gender-based disparate treatment in violation of Title VII of the Civil Rights Act of 1964(a)(1), (a)(2), disability-based disparate treatment in violation of 42 U.S.C. § 12112 (the Americans with Disabilities Act of 1990), and "Retaliation In Response to Opposition to the Hostile Work Environment and The Protected Activity in Reporting." (ECF No. 1 at 19 ¶¶ 298-302.)

    This matter is before the court for review of the Magistrate Judge's Report and Recommendation as to Defendant's Renewed Motion to Dismiss For Plaintiff's Failure to Participate in Discovery pursuant to Rule 37 of the Federal Rules of Civil Procedure. (ECF No. 80.) For the following reasons, the court **ADOPTS** the Magistrate Judge's Report ("Report") (ECF No. 95), **GRANTS** Defendant's Motion to Dismiss (ECF No. 80) and **DISMISSES** Plaintiff's Complaint (ECF No. 1) with prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

    The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report (ECF No. 93) is accurate, and the court adopts this summary as its own. Subsequently, the court will only recite herein facts pertinent to

1

the analysis of Plaintiff's Objections (ECF No. 95). On August 22, 2016, Defendant filed a renewed Motion to Dismiss For Plaintiff's Failure to Participate in Discovery. (ECF No. 80.) On September 7, 2016, Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss. (ECF No. 83.) On September 19, 2016, Defendant filed a Reply in Response to Plaintiff's Motion. (ECF No. 88.) On November 22, 2016, the Magistrate Judge filed a Report and Recommendation that suggested the court grant Defendant's Motion to Dismiss and to impose sanctions on Plaintiff pursuant to Rule 37(b)(2)(A) for failure to participate in discovery. (ECF No. 93.) On December 7, 2016, Plaintiff filed timely objections to the Magistrate Judge's Report. (ECF No. 95.)

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews *de novo* only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## III. ANALYSIS

Plaintiff objects and argues for "the Court to reject the Magistrate's [Report] in its entirety, to deny the Defendant's Motion to Dismiss, and to remand to a different Magistrate Judge for pretrial proceedings." (ECF No. 95 at 2.) However, Plaintiff uses the Report as a springboard to raise largely irrelevant issues. At most, Plaintiff offers a single specific objection:

> The Plaintiff asserts that his inability to attend the first two depositions do not exhibit bad faith or a deliberate attempt to disobey the Court's orders [] poverty and the Plaintiff's mental/physical disabilities were the primary reasons that he was not able to attend. The Magistrate Judge also fails to mention that the Plaintiff did indeed show up to testify for his third deposition, in good faith, testified for over an hour before having to terminate it due to his anxiety disorder and due to the Defendant submitting an altered exhibit and then being untruthful about its nature. Further, the Plaintiff asserts that he could not comply with the scheduling order because of his legal objections to the orders and to preserve his objections for appeal.

(ECF No. 95 at 2.)

As the Report indicates, Plaintiff was clearly warned of the consequences for failing to comply with the court order to participate in discovery with Defendant. (ECF No. 66 ("Failure to comply may result in contempt of court and/or other sanctions, including but not limited to dismissal of the Complaint, pursuant to Rule 37(d)").)[1] Additionally, the court is not persuaded by Plaintiff's effort to recast his dilatory behavior by emphasizing a single instance of his "good faith effort" to sit for a deposition with Defendant. (ECF No. 95 at 2.) Plaintiff's bad faith is unmistakable when the court considers that (1) Plaintiff requested future depositions to be taken via telephone, (2) Plaintiff did not appear and testify at a deposition on or before March 10, 2016, (3) Plaintiff did not comply with the docket text order issued by this court on July 21, 2016, which clearly stipulated the consequences for his failure to appear at a deposition

---

[1] Plaintiff appealed this court's order overruling his objections to the Magistrate Judge's order compelling him to attend a deposition, and his subsequent denial of a motion to reconsider. (ECF No. 91 at 2.) The Fourth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction pursuant to 28 U.S.C. § 1291 (2012) and 28 U.S.C. § 1292 (2012). (*Id.*)

scheduled August 15, 2016, (4) Plaintiff contacted Defendant before the August 15, 2016 deposition, requesting the deposition take place via a telephone or that he create his own recording, (5) Plaintiff filed a motion to reconsider the July 21, 2016 text order, just days before the August deposition, and (6) after Plaintiff's Motion to Reconsider was denied, Plaintiff still did not appear for his deposition on August 15, 2016. For these reasons, it is clear to this court that Plaintiff has no intention of complying with a court order to participate in discovery by appearing at Defendant's deposition. Moreover, the court notes that Plaintiff cites case law to support his arguments that is clearly unfavorable to his position. *See Davis v. Parkview Apartments*, 409 S.C. 266, 283 (2014), *rehearing denied*, ("Thus, in our view, Appellants' failure to comply with the various orders of the court was willful and deliberate and caused unnecessary delay of this case and prejudice to Respondents. Accordingly, we hold the circuit court did not err in issuing the Dismissal Order as a sanction for Appellants' noncompliance with the court's orders.")

Consequently, the court dismisses Plaintiff's Complaint because of his persistent noncompliance, and because monetary sanctions would have little deterrent effect on Plaintiff. (ECF No. 93 at 7 (citing *Briscoe v. Klaus,* 538 F.3d 252, 263 (3d Cir. 2008)).)

## IV. CONCLUSION

For the reasons above, the court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 95), **GRANTS** Defendant's Motion to Dismiss (ECF No. 80) and **DISMISSES** Plaintiff's Complaint (ECF No. 1) with prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 3, 2017
Columbia, South Carolina

4