IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Eric Alan Sanders, | ) | |
| | ) | Civil Action No.: 0:15-cv-00586-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Family Dollar Stores, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Eric Alan Sanders ("Plaintiff"), proceeding *pro se*, filed a Complaint against Defendant Family Dollar Stores, Inc. ("Defendant") alleging a hostile work environment, negligence, gender-based disparate treatment in violation of 42 U.S.C. § 2000e et seq. (Title VII of the Civil Rights Act of 1964(a)(1-2)), disability-based disparate treatment in violation of 42 U.S.C. § 12112 (the Americans with Disabilities Act of 1990), and "Retaliation in Response to Opposition to the Hostile Work Environment and the Protected Activity in Reporting." (ECF No. 1 at 19 ¶¶ 298-302.) His Complaint was dismissed, and Judgment was entered in favor of Defendant. (ECF Nos. 98, 99.)

This matter is before the court on Plaintiff's Motion for Relief from Final Judgment. (ECF No. 107.) For the reasons stated below, the court **DENIES** Plaintiff's Motion.

I. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report (ECF No. 93) is accurate, and the court adopts this summary as its own. Subsequently, the court will only recite herein facts pertinent to the analysis of Plaintiff's Motion for Relief from Final Judgment. (ECF No. 107.) The Magistrate Judge's Report was filed on November 22, 2016 and Plaintiff filed an Objection on December 7,

1

2016. (ECF Nos. 93, 95.) Defendant responded to Plaintiff's Objection, and the court accepted the Magistrate Judge's Report granting Defendant's Motion to Dismiss for Plaintiff's Failure to Participate in Discovery (ECF No. 80), on January 3, 2017. (ECF Nos. 96, 98.) On January 23, 2017, Plaintiff appealed the court's Order and Judgment to the United States Court of Appeals for the Fourth Circuit, which was affirmed on August 22, 2017. (ECF Nos. 101, 108.) On August 14, 2017, Plaintiff filed a Motion for Relief from Final Judgment. (ECF No. 107.) The Mandate and Judgment of the Fourth Circuit was filed on October 10, 2017. (ECF No. 111.)

## II. JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 based on Plaintiff's allegations arising under 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 12112. The court also has jurisdiction under 42 U.S.C. § 2000e–5(f)(3) to hear Plaintiff's Title VII claim, which specifically grants jurisdiction to the court to hear cases under Title VII.

## III. LEGAL STANDARD

"[B]efore a party may seek relief under Rule 60(b), a party first must show timeliness, a meritorious defense[1], a lack of unfair prejudice to [any] opposing party, and exceptional circumstances.[2] After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (citing *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)).

---

[1] *See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) ("[a] meritorious defense requires a proffer of evidence which would permit a finding for the [movant] or which would establish a valid counterclaim.") (citing *Central Operating Co. v. Utility Workers of America*, 491 F.2d 245, 252 n. 8 (4th Cir. 1974)).

[2] ". . . 'exceptional circumstances,' is sometimes noted." *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993). The court will address this in its discussion of Plaintiff's claim for relief under Rule 60(b)(2).

A court may relieve a party from a final judgment under Fed. R. Civ. P. 60(b) for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." A motion under this rule must be made within a reasonable time, and relief under reasons (1), (2), and (3) is not available after one year from the entry of the judgment. Fed. R. Civ. P. 60(c)(1).

The standard governing relief based on newly discovered evidence under Rule 60(b)(2) requires that a party demonstrate: "(1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended." *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989) (citing *Taylor v. Texgas Corp.*, 831 F.2d 255, 259 (11th Cir. 1987) (citations omitted)).

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*pro se* plaintiff's "inartful pleadings" may be sufficient enough to provide the opportunity to offer supporting evidence.)

## IV. ANALYSIS

As to the threshold requirements for relief under Rule 60(b), Plaintiff filed a timely Motion, and asserts the defense that he did not have evidence of his wife and mother's license suspension (ECF No. 107-1 at 2, 4), and that their license suspension is part of the reason why he did not comply with the court's Text Order that he be deposed on or before August 15, 2016 (ECF No. 66). (ECF No. 107.) Plaintiff also asserts the defense that Dr. Caleb Loring's Report (ECF No. 107-1 at 7-10) is new medical evidence that confirms his anxiety was the reason he stopped his November 3, 2015 deposition and did not meaningfully participate. (*Id.* at 3.)[3] As to the lack of unfair prejudice to Defendant, the court acknowledges that Defendant may be prejudiced by the court modifying its Order and reopening Plaintiff's case given his "persistent" non-compliance with the court's previous orders. (*See* ECF No. 98 at 4.) However, because Plaintiff is *pro se* and the court must liberally construe his arguments, the court will address Plaintiff's Motion.[4]

Plaintiff brings his Motion pursuant to the new evidence provisions of Rule 60(b)(2). (ECF No. 107 at 1-2.) Addressing Plaintiff's notification of his wife and mother's driver's license suspensions, Plaintiff asserts that the evidence is newly discovered because he had no knowledge of the suspensions until after the court's judgment. (*Id.* at 2.) The court accepts this information as newly discovered evidence.[5]

---

[3] The court addressed the November 3, 2015 deposition, stating that ". . . [it] is not persuaded by Plaintiff's efforts to recast his dilatory behavior by emphasizing a single instance of his 'good faith effort' to sit for a deposition with Defendant." (ECF No. 98 at 3.)

[4] *Compton v. Alton S.S. Co.,* 608 F.2d 96, 102 (4th Cir. 1979) (considerations of prejudice to an opposing party are to be considered, but are not controlling as to the court's review).

[5] The court notes that in corresponding with Defendant's counsel about the August 15, 2016 deposition, Plaintiff stated that he could not be in attendance because "[his] mother had no license." (ECF No. 80-2 at 3.) The court also notes that in that same correspondence, Plaintiff states that his wife "[could] not take [him]," but offers no reason why. (*Id.* at 3.) However, Plaintiff states

However, Plaintiff was not diligent in discovering this alleged new evidence. He asserts that he ". . . could not access his mother and wife's driving records [that he requested from] the South Carolina Department of Motor Vehicles. . . ." (*Id.*) Plaintiff, however, did not have his wife or mother request their driving records in order that he could present evidence of their license suspensions to the court. Because Plaintiff was not diligent in attempting to ascertain this information, the court will not afford Plaintiff relief from its final judgment under Rule 60(b)(2). *See Boryan v. United States,* 884 F.2d 767, 771 (4th Cir. 1989) ("[ ] in order to support a motion for reconsideration [or for relief], 'the movant is obliged to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence [to the court].'") (citing *Frederick S. Wyle P.C. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985)).

As to Dr. Loring's Report, Plaintiff asserts that he did not know of the Report until April 28, 2017 when he renewed a Social Security claim that he had abandoned. (ECF No. 107 at 3.) However, the examination was on September 1, 2015. (ECF No. 107-1 at 7.) Plaintiff asserts that Dr. Loring's Report confirms his diagnosis of "Paranoid personality disorder" and thus provides new evidence that the reason he could not finish his November 3, 2015 deposition was due to his anxiety (ECF No. 47-6 at 61-67.) (ECF No. 107 at 3.) The court accepts this information as newly discovered evidence.

However, Plaintiff was not diligent in trying to discover this evidence. Plaintiff may not have been able to present this Report at his November 3, 2015 deposition, but he could have

---

in his Motion for Relief from Final Judgment that his wife "refuses to drive him to any hearings, depositions, etc." (ECF No. 107 at 2.) Despite these assertions which provide other reasons why Plaintiff's wife and mother could not take him to his deposition, the fact that Plaintiff's wife and mother's licenses were suspended is newly discovered evidence.

5

presented the fact that he had an examination to Defendant and the court in order to show that a reasonable accommodation might be necessary for future depositions.

Moreover, Dr. Loring's Report is cumulative because it reconfirms disorders or ailments that Plaintiff already asserted, or could have asserted. Plaintiff's Objection to the Magistrate Judge's Report states that ". . . Defendant has been granted unlimited access to [his] mental health records documenting the diagnoses of his various mental disabilities via a previous order of the court (ECF No. 42)." (ECF No. 95 at 4.)[6] In addition, Plaintiff's Complaint states that he had a variety of different ailments including Bi-Polar with Mania, Obsessive Compulsive Disorder, Irritable Bowel Syndrome, panic attacks, and Body Dysmorphic Disorder. (ECF No. 1 at 5 ¶ 4.) Dr. Loring's Report reconfirms these conditions, but also states that, Plaintiff suffers from Paranoid personality disorder.[7] (ECF No. 107-1 at 10.) Plaintiff also alleges that he had to go to the doctor for documentation of "two serious medical conditions" that were caused by among other things, "mental anguish." (ECF No. 1 at 15 ¶ 199-203.)

Plaintiff knew that he suffered from anxiety and had several disorders, and in presenting this alleged new evidence of Dr. Loring's Report, Plaintiff simply reiterates what has been or could have been presented. Because Plaintiff was not diligent in trying to discover evidence of Dr. Loring's Report, and moreover, because of its cumulative nature, the court will not afford Plaintiff relief under Rule 60(b)(2).

---

[6] Defendant rejected this contention, stating that "Plaintiff [ ] opposed production of such information and has only provided information that he has deemed 'relevant.'" (ECF No. 96 at 4.)

[7] "Paranoid personality disorder is an unwarranted tendency to interpret the actions of other people as deliberately threatening or demeaning." *Paranoid Personality Disorder*, PSYCHOLOGY TODAY (Feb. 14, 2017), https://www.psychologytoday.com/conditions/paranoid-personality-disorder (last visited Oct. 26, 2017.)

## V. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Relief from Final Judgment is **DENIED** with prejudice. (ECF No. 107.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 27, 2017
Columbia, South Carolina