# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ROCK HILL DIVISION

Eric Alan Sanders,                          )
                                            )     Civil Action No.: 0:15-cv-00586-JMC
                        Plaintiff,          )
                                            )
            v.                              )
                                            )     **AMENDED ORDER AND OPINION**
Family Dollar Stores, Inc.,                 )
                                            )
                        Defendant.          )
_____ )

Before the court is Plaintiff's Motion for Reconsideration (ECF No. 118). Plaintiff moves

the court to alter or reconsider its Order denying his Motion for Relief from Final Judgment (ECF

No. 107).[1] (ECF No. 114) ("October 30, 2017 Order"). The October 30, 2017 Order denied

Plaintiff's Motion for Relief from Final Judgment of the court's Order accepting the Magistrate

Judges' Report and Recommendation ("Report") (ECF Nos. 93, 98). For the reasons stated below,

the court **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 118).[2]

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and

procedural summation in the Magistrate Judge's Report (ECF No. 93) is accurate, and the court

adopts this summary as its own. Subsequently, the court will only recite herein facts pertinent to

the analysis of Plaintiff's Motion for Reconsideration (ECF No. 118). The Report (ECF No. 93)

was filed on November 22, 2016, and on January 3, 2017, the court accepted the Report granting

_____

[1] Plaintiff brought his Motion (ECF No. 107) pursuant to Fed. R. Civ. P. 60(b), thus Plaintiff's
Motion is more correctly styled as a Motion for Relief from Final Judgment, rather than a Motion
for Reconsideration as labeled on the docket.

[2] The court files this Amended Order to correct its previous statement in footnote seven of its first
Order (ECF No. 129) that Plaintiff had not been committed to a mental health institution.

1

Defendant's Motion to Dismiss for Plaintiff's Failure to Participate in Discovery (ECF No. 80) and dismissing with prejudice Plaintiff's Complaint (ECF No. 1). (ECF No. 98) ("January 3, 2017 Order"). On January 23, 2017, Plaintiff appealed the court's January 3, 2017 Order and Judgment (ECF Nos. 98, 99) to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). (ECF No. 101.) On August 14, 2017, Plaintiff filed a Motion for Relief from Final Judgment. (ECF No. 107.) On August 22, 2017, the Fourth Circuit affirmed the court's January 3, 2017 Order, finding no reversible error and denying Plaintiff's pending motions on the Fourth Circuit's Docket. (ECF No. 108.) The Mandate and Judgment of the Fourth Circuit was filed on October 10, 2017. (ECF No. 111.)

On October 30, 2017, the court denied Plaintiff's Motion for Relief from Final Judgment (ECF No. 107). (ECF No. 114.) On November 27, 2017, Plaintiff timely filed a Motion for Reconsideration of the court's October 30, 2017 Order, and appealed this Order to the Fourth Circuit. (ECF Nos. 118, 120.) On December 11, 2017, Defendant responded to Plaintiff's Motion for Reconsideration (ECF No. 118). (ECF No. 125.) On December 28, 2017, Plaintiff filed a Petition for Writ of Certiorari with the Supreme Court of the United States, appealing the Fourth Circuit's affirmation of the District Court's January 3, 2017 Order (ECF No. 108). (ECF No. 128.)

## II.     JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 based on Plaintiff's allegations arising under 42 U.S.C. § 2000e et seq. (Title VII of the Civil Rights Act of 1964) and 42 U.S.C. § 12112 (The Americans with Disabilities Act of 1990). The court also has jurisdiction under 42 U.S.C. § 2000e–5(f)(3) to hear Plaintiff's Title VII claim, which specifically grants jurisdiction to the court to hear cases under Title VII.

### III.  LEGAL STANDARD

Under Fed. R. Civ. P. 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010) (citation omitted).  It is the moving party's burden to establish one of these three grounds in order to obtain relief under this rule.  *Loren Data Corp. v. GXS, Inc.*, 501 Fed. App'x 275, 285 (4th Cir. 2012).  The decision whether to reconsider an order pursuant to this rule is within the discretion of the district court.  *See Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995).

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*pro se* plaintiff's "inartful pleadings" may be sufficient enough to provide the opportunity to offer supporting evidence.)

### IV.  ANALYSIS

Plaintiff moves the court to alter or reconsider its October 30, 2017 Order for several reasons, but the court will only analyze those that it construes to be proper under Fed. R. Civ. P. 59(e).  Taking into consideration that Plaintiff is a *pro se* litigant, the court construes that Plaintiff moves the court to alter or reconsider its October 30, 2017 Order on the basis that: (1) the court made a clear error of law because it did not have jurisdiction to rule on his Motion for Reconsideration (ECF No. 107).  (ECF No. 118 at 1-2, 5).  Plaintiff also moves the court to reconsider its Order because (2) the court made a clear error of law in denying his Motion for Reconsideration (ECF No. 107) without Defendant opposing it (ECF No. 118 at 7-8); (3) the court

made a clear error of law in finding that he was not diligent in obtaining evidence of his wife and

mother's license suspensions (*id.* at 8-9); and in finding that he was not diligent in "obtaining and

presenting" Dr. Caleb Loring's Report to the court (*id.* at 10-13); (4) the court's finding that Dr.

Loring's Report was cumulative and therefore would also not afford Plaintiff relief under Fed. R.

Civ. P. 60(b)(2) creates a manifest injustice (*id.* at 13-16); (5) the court made a clear error of law

in not considering whether his wife and mother's license suspensions allowed for relief under Rule

60(b)(6) (*id.* at 24); lastly, (6) it is a manifest injustice to dismiss his case when lesser sanctions

were available to sanction him (*id.* at 25-26).[3]  The court finds that Plaintiff's other grounds for

alteration or reconsideration are not proper pursuant to Fed. R. Civ. P. 59(e) because they cannot

be construed to fall under any of the three sub-categories noted.

    1.   Court's Jurisdiction as to Plaintiff's Motion for Reconsideration (ECF No. 107)

Plaintiff asserts that the court did not have jurisdiction to rule on the merits of his August

14, 2017 Motion for Relief from Final Judgment (ECF No. 107) because the court was divested of

jurisdiction and the Supreme Court of the United States had "exclusive jurisdiction over this claim

---

[3] Plaintiff also moves for the undersigned and the Magistrate Judge to recuse themselves from this case due to "overt and obvious disability-based discrimination, disability-denial, and refusal to offer reasonable modifications to the court's procedures so that he might participate and overcome hurdles presented by his mental, physical, and cognitive disabilities."  Pursuant to *U.S. v. Hill*, "[a] judge should grant a motion for recusal 'in any proceeding in which h[er] impartiality might reasonably be questioned'; '[w]here [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding'; or where she has a financial interest in the litigation.'"  622 F. App'x 193, 194 (4th Cir. 2015) (quoting 28 U.S.C. § 455).  "[T]o disqualify a judge, the 'bias or prejudice must, as a general matter, stem from a source outside the judicial proceeding at hand.'"  *Id.* at 194-195 (quoting *Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011)).  Plaintiff has not provided any evidence that the undersigned or the Magistrate Judge has not been impartial, has a personal bias or prejudice against Plaintiff, or has a financial interest in this case, stemming from actions taken outside of the case; therefore, the court **DENIES** Plaintiff's Motion for Recusal (ECF No. 118 at 8, 26).

until January 10, 2018."[4]   (ECF No. 118 at 1-2, 5.)   The court disagrees that it did not have jurisdiction to rule on Plaintiff's Motion for Relief from Final Judgment (ECF No. 107), because the court "retains jurisdiction over matters 'in aid of appeal.'" *Fobian v. Storage Tech. Corp.,* 164 F.3d 887, 890 (4th Cir. 1999) (citing *Grand Jury Proceedings Under Seal v. United States*, 947 F.2d 1188, 1190 (4th Cir. 1991)).

Plaintiff's Motion for Relief from Final Judgment relied on Plaintiff's receipt of alleged new evidence, and may have aided the Fourth Circuit in making its decision regarding Plaintiff's Appeal, but the Fourth Circuit made a decision without the court's input. (*See* ECF No. 108). However, the Fourth Circuit's decision did not divest the court of jurisdiction to consider Plaintiff's Motion for Relief from Final Judgment (ECF No. 107).  *See Standard Oil Co. of California v. United States,* 429 U.S. 17, 17 (1976) (holding that a district court may consider a Rule 60(b) motion following an appellate decision without leave from the appellate court). Therefore, the court had jurisdiction to consider Plaintiff's Motion for Relief from Final Judgment (ECF No. 107).

2.  Lack of Opposition to Plaintiff's Motion for Relief from Final Judgment

Plaintiff asserts that the court should alter or amend its October 30, 2017 Order because Defendant did not respond to Plaintiff's Motion.  (ECF No. 118 at 7-8.)  Plaintiff brought his Motion pursuant to Fed. R. Civ. P. 60(b) and the court construed that Plaintiff's Motion was brought specifically under Fed. R. Civ. P. 60(b)(2) because he was in receipt of alleged new evidence.  (ECF No. 114 at 4.)

---

[4] Plaintiff had ninety (90) days after the Fourth Circuit's Mandate and Judgment were entered to file the Petition for Writ of Certiorari.  Sup. Ct. R. 13.

Pursuant to *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989), a party who moves the court for relief from final judgment pursuant to Fed. R. Civ. P. 60(b)(2) must demonstrate "(1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended." (citing *Taylor v. Texgas Corp.*, 831 F.2d 255, 259 (11th Cir. 1987) (citations omitted)). It was Plaintiff's burden to demonstrate that the new evidence entitled him to relief under Fed. R. Civ. P. 60(b)(2); Defendant did not have to respond to Plaintiff's Motion.

> 3. <u>Plaintiff's Diligence in Discovering Alleged New Evidence</u>

Plaintiff asserts that the court made a clear error of law in finding that he was not diligent in obtaining his wife and mother's driving records, which proves hardship and provides a reason he could not attend scheduled depositions. (ECF No. 118 at 8-9.) [5] Plaintiff also asserts that the court erred in finding that he was not diligent in obtaining Dr. Caleb Loring's Report which provides evidence of his physical and mental ailments that prevented him from attending scheduled depositions. (*Id.* at 10-13.)

Plaintiff stated that he could not access his wife and mother's driving records because the South Carolina Department of Motor Vehicles ("SCDMV") would not provide him with that information. (ECF No. 107 at 2.) Plaintiff now provides the court with several DMV records and other correspondences to demonstrate that he was diligent in trying to obtain his wife and mother's

---

[5] Plaintiff asserts that "[this] evidence of license suspension shows hardship requiring a deposition by remote means." (*Id.* at 9.)

driving records.[6]  (ECF No. 118-1 at 2-12.)  The court notes that Plaintiff's mother drove him to Columbia to be deposed on November 3, 2015, but Plaintiff moved to terminate that deposition before it could be completed, due to anxiety.  (ECF Nos. 47-6; 61 at 10.)  Plaintiff had no issue with transportation in attending this deposition, thus the validity of Plaintiff's claim that the notices of his wife and mother's license suspension demonstrate his inability to attend depositions is diminished.

In corresponding with Defendant's counsel regarding Plaintiff's August 15, 2016 deposition, Plaintiff stated that his wife could not take him to the deposition.  (ECF No. 80-2 at 3.) Plaintiff also stated that his wife "[refuses] to drive him to any hearings, depositions, etc. regarding any of his claims pending in this court."  (ECF No. 107 at 2.)  Plaintiff provided the court with a copy of a letter stating that his wife's license was suspended from March 1, 2016 until she met the requirements for failure to pay a September 24, 2015 traffic ticket. (ECF No. 107-1 at 4.)  Plaintiff states that he received this letter in February 2017 when "a state trooper left a notice on the door of his home," however there is a handwritten date on the letter, "Feb 13/17" that refers to an "Affidavit of Repossession from the Lender," not the notice of his wife's license suspension. (ECF No. 107-1 at 4.)[7]  Nevertheless, the deposition was to occur in August 2016 and this notice allegedly was not until February 2017.

---

[6] Plaintiff specifically provides a copy of a FR4 Notice of Cancellation letter ("FR4 Notice"), dated June 24, 2015, and addressed to Silvia Gray Sanders, Plaintiff's mother, stating that Silvia's License was going to be suspended in July 2015 if she did not comply with the FR4 Notice of Cancellation regarding insurance on her vehicle. (ECF No. 118-1 at 4.)  Plaintiff does not provide evidence as to when he learned this information or whether Silvia complied with the FR4 Notice in 2015, such that her license was reinstated prior to the scheduled deposition for September 2015.

[7] Plaintiff labels the notice of his wife Linda Sanders' license suspension as Exhibit 1, and states that a state trooper left a notice on the door, but the court believes that Plaintiff is actually referring to Exhibit 2 which is notice of his mother Silvia Sanders' license suspension.

Even if Plaintiff diligently tried to obtain evidence of his wife and mother's license suspension, Plaintiff still failed to participate in discovery as a whole. The court notes that Plaintiff missed several noticed depositions for a variety of different reasons and the court found that "it is clear to the court that Plaintiff has no intention of complying with a court order to participate in discovery by appearing at Defendant's deposition." (ECF No. 98 at 4.) Therefore, even with evidence of his mother and wife's license suspension, Plaintiff would not be entitled to relief from the court's final judgment under Fed. R. Civ. P. 60(b)(2) because the outcome of the case would still be the same. *See Boryan,* 884 F.2d at 771 (a party presenting alleged new evidence must demonstrate that the evidence will likely change the outcome of the case).

As to Dr. Loring's Report, Plaintiff asserts that he "diligently sought to obtain his medical records from many of his treating physicians," but has not been able to do so.[8] (ECF No. 118 at 11.) Plaintiff never filed any motions in this case to obtain his own medical records; and objected (ECF No. 42) to Defendant's access to his mental health records (ECF No. 34) which the court overruled. Plaintiff rebuts the court's finding that he could have presented information regarding his examination with Dr. Loring in September 2015, by stating that he did not have knowledge of Dr. Loring's Report until April 2017. (ECF No. 118 at 12-13.) Plaintiff may not have had

---

[8] Plaintiff cites to *Sanders v. Lowes Home Centers LLC*, Civ. No. 0:15-cv-02313-JMC (D.S.C.), another case. Plaintiff also directs the court to take notice of S.C. Code Ann. § 44-22-110, which details the rights of mental health patients to view his or her medical records. However, this statute only applies when a patient is committed to a mental health institution. S.C. Code Ann. § 44-22-110 ("[a] patient or the guardian of a patient has access to his medical records, and a person subject to a proceeding or receiving services pursuant to this chapter has complete access to his medical records *relevant to this commitment* if the access is allowed in the presence of professional mental health staff.") (emphasis added). Plaintiff alleges that he was involuntarily committed on multiple occasions (ECF No. 1 at 19 ¶ 303), however Plaintiff does not state whether the medical records he seeks from many of his treating physicians are "relevant to [his] commitment[s]," thus, being within the purview of this statute.

knowledge of the Report, but he knew that he had an examination with Dr. Loring in furtherance of his Social Security Claim and he did not provide this information to the court. Moreover, as will be explained in the next section, the information contained in Dr. Loring's Report is cumulative and would not change the outcome of the case.

4. Substance of Dr. Loring's Report

"Plaintiff asserts that Dr. Loring's Report is not cumulative because Dr. Loring provides an expert witness's evaluation and observations confirming, not only a diagnosis of Plaintiff's paranoid personality disorder, but also provides medical documentation to support Plaintiff's complaints at his deposition in this matter." (ECF No. 118 at 14.) Dr. Loring's Report is cumulative, reiterating what Plaintiff already alleged in his Complaint; specifically that Plaintiff suffers from a variety of ailments including Bi-Polar with Mania, Obsessive Compulsive Disorder, Irritable Bowel Syndrome, panic attacks, and Body Dysmorphic Disorder. (*See* ECF Nos. 1 at 5 ¶ 4; 107-1 at 10.) Dr. Loring's Report also includes a diagnosis of Paranoid Personality Disorder. (ECF No. 107-1 at 10.) The fact that Dr. Loring's letter adds a separate ailment, Paranoid Personality Disorder, does not negate the fact that this information would be cumulative.

In this case, previous to the dismissal of his Complaint, Plaintiff presented evidence of his other ailments that allegedly prevented him from participating in depositions to the court, and the Magistrate Judge took them into consideration in granting Defendant's Motion to Compel for Plaintiff's failure to participate in discovery (ECF No. 57). (*See* ECF Nos. 61-3 at 26-28 (Psychiatric Medical Assessment as to Anxiety, Depression, Mania/hypomania); 61-5 (Irritable Bowel Syndrome); 63 (the court overruled Plaintiff's objections to the Magistrate Judge's grant of

Defendant's Motion to Compel).[9]) The addition of a separate reason to the long list of reasons that Plaintiff could not attend the deposition would be cumulative and would not change the outcome of the case because he failed to comply with the court's orders to participate in discovery on multiple occasions. (*See* ECF No. 98 at 3-4); *see also Boryan*, 884 F.2d at 771.

5. Court's Analysis of Plaintiff's Motion under Fed. R. Civ. P. 60(b)(6)

Fed. R. Civ. P. 60(b)(6) allows the court to grant relief from final judgment for any reason that justifies relief. Fed. R. Civ. P. 60(b)(6) is a "'catch-all clause' that provides the court with ' a grand reservoir of equitable power to do justice in a particular case, and vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.'" *Compton v. Alton S.S. Co.*, 608 F.2d 96, 106–07 (4th Cir. 1979). Pursuant to *Aikens v. Ingram*, "[the context of Rule 60(b)(6)] requires that it may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." 652 F.3d 496, 500 (4th Cir. 2011).[10] Plaintiff's claim of the receipt of new evidence fell under Fed. R. Civ. P. 60(b)(2), thus the court did not have to analyze it under Fed. R. Civ. P. 60(b)(6).

6. Sanctions Against Plaintiff

---

[9] The court stated that "[e]ven if the degree and severity of [Plaintiff's intellectual disabilities and impairments] are substantiated by evidence, Plaintiff's decision to self-represent "does not . . . exempt [him] from compliance with relevant rules of procedural and substantive law." (citing *Williams v. Harvey,* 2006 WL 2456406, at 6 (E.D. Va. Aug. 21, 2006)).

[10] *See also Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 n.11 (1988) ("In *Klapprott v. United States,* 335 U.S. 601, 613 (1949), we held that a party may "not avail himself of the broad 'any other reason' clause of 60(b)" if his motion is based on grounds specified in clause (1)—"mistake, inadvertence, surprise or excusable neglect." Rather, "extraordinary circumstances" are required to bring the motion within the "other reason" language and to prevent clause (6) from being used to circumvent the 1–year limitations period that applies to clause (1). This logic, of course, extends beyond clause (1) and suggests that clause (6) and clauses (1) through (5) are mutually exclusive.").

Plaintiff asserts that the court could have given him a lesser sanction other than dismissing his case, and moves the court to reconsider or alter its October 30, 2017 Order, given the new evidence that he presents. (ECF No. 118 at 25.) The receipt of new evidence can be a grounds for reconsideration under Fed. R. Civ. P. 59(e). *See Robinson*, 599 F.3d at 407. The standard for relief pursuant to new evidence is the same whether it is under Fed. R. Civ. P. 59 or 60. *See Boryan*, 884 F.2d at 771 ("[i]n this circuit, the standard governing relief on the basis of newly discovered evidence is the same whether the motion is brought under rule 59 or rule 60.") (citing *United States Fidelity & Guaranty Co. v. Lawrenson,* 334 F.2d 464, 475 n. 2 (4th Cir.), *cert. denied,* 379 U.S. 869 (1964)). In order for relief to be granted Plaintiff must demonstrate: "(1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended." *Id.*

Plaintiff presented this alleged new evidence as the basis of his Motion for Relief from Final Judgment (ECF No. 107), therefore the evidence is not newly discovered since the court's October 30, 2017 judgment. When Plaintiff moved the court for relief from the final judgment of its January 3, 2017 Order, Plaintiff could have raised this particular claim, but he did not. Moreover, the Fourth Circuit affirmed the dismissal of Plaintiff's Complaint with prejudice, finding no reversible error. (*See* ECF No. 108.) The court also stated in accepting the Magistrate Judge's Report (ECF No. 93) that, "monetary sanctions would have little deterrent effect on

Plaintiff," thus dismissal of Plaintiff's Complaint was proper.[11] (ECF No. 98 at 4.)  Thus, the court

will not consider the effect of this evidence on whether Plaintiff should have received a lesser

sanction.

## V.    CONCLUSION

For the reasons stated above, the court **DENIES** Plaintiff's Motion for Reconsideration

(ECF No. 118.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 9, 2018
Columbia, South Carolina

---

[11] In *Sanders v. Lowes Home Centers LLC*, Civ. No. 0:15-cv-02313-JMC (D.S.C.), the court awarded Defendant Lowes Home Centers LLC attorney's fees because dismissal would be too drastic given Plaintiff's effort in complying with Defendant's Motion to Compel.  However, the facts of this case were different and led the court to find that dismissal of Plaintiff's Complaint was proper.