# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Eric Alan Sanders, ) | |
| ) | Civil Action No.: 0:15-cv-00586-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Family Dollar Stores, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

On February 10, 2015, Plaintiff Eric Alan Sanders ("Plaintiff"), proceeding *pro se*, filed a Complaint against Defendant Family Dollar Stores, Inc. ("Defendant") alleging a hostile work environment, negligence, gender-based disparate treatment in violation of 42 U.S.C. § 2000e et seq. (Title VII of the Civil Rights Act of 1964(a)(1-2)) ("Title VII"), disability-based disparate treatment in violation of 42 U.S.C. § 12112 (the Americans with Disabilities Act of 1990) ("ADA"), and "Retaliation in Response to Opposition to the Hostile Work Environment and the Protected Activity in Reporting." (ECF No. 1 at 19 ¶¶ 298-302.) On April 6, 2015, Magistrate Judge Paige Gossett construed Plaintiff's Complaint to include only alleged violations of Title VII and the ADA. (ECF No. 18 at 1) Magistrate Judge Gossett noted that Plaintiff referenced a hostile work environment but that it was unclear whether Plaintiff initially included this claim in his "Charge of Discrimination" filed with the Equal Employment Opportunity Commission ("EEOC"), which is required before filing a civil action in federal court.[1] (ECF No. 18 at 1.) Thus his Complaint was construed not to include a claim for a hostile work environment. (*Id.*)

---

[1] Pursuant to 42 U.S.C. § 2000e-5(e)(1), an employment discrimination charge must be filed within one hundred and eighty (180) days after the alleged unlawful employment practice occurred, or three hundred (300) days if the aggrieved person initially instituted proceedings with a state or local agency with authority to grant or seek relief. If the charge is dismissed, or not acted upon

On August 22, 2016, Defendant filed a Renewed Motion to Dismiss for Plaintiff's Failure to Participate in Discovery.[2] (ECF No. 80). On November 22, 2016, the Magistrate Judge filed a Report and Recommendation ("Report") (ECF No. 93) recommending that Defendant's Renewed Motion to Dismiss (ECF No. 80) be granted, and Plaintiff filed an Objection on December 7, 2016. (ECF Nos. 93, 95.) Defendant responded to Plaintiff's Objection (ECF No. 96), and on January 3, 2017, the court accepted the Magistrate Judge's Report (ECF No. 98) granting Defendant's Motion to Dismiss (ECF No. 80) for Plaintiff's Failure to Participate in Discovery, and dismissing Plaintiff's Complaint with prejudice. On January 23, 2017, Plaintiff appealed the court's Order and Judgment to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), which affirmed the court's Order on August 22, 2017. (ECF Nos. 101, 108.) On August 14, 2017, Plaintiff filed a Motion for Relief from Final Judgment (ECF No. 107) of the court's Order dismissing his Complaint with prejudice. On October 10, 2017, the Mandate and Judgment of the Fourth Circuit was filed (ECF No. 111), and on October 30, 2017, the court denied Plaintiff's Motion (ECF No. 107). (ECF No. 114.) On October 16, 2017, Plaintiff filed a second Motion for Relief from Final Judgment (ECF No. 112), presenting alleged new evidence regarding his "hostile work environment" claim that entitles him to relief from the court's Order (ECF No. 98) dismissing his Complaint.

---

within one hundred and eighty (180) days after the charge is filed, the EEOC "shall [ ] notify the person aggrieved and within ninety (90) days after the giving of such notice a civil action may be brought against the respondent named in the charge[.]" 42 U.S.C. § 2000e-5(f)(1).

[2] On November 19, 2015, Defendant filed an initial Motion to Dismiss or, Alternatively, to Compel and for Fees and Costs for Failure to Participate in Discovery (ECF No. 47). The court granted Defendant's Motion to Compel, and Defendant's Motion to Dismiss was held in abeyance pending Plaintiff's compliance with the court's order. (ECF No. 57.)

This matter is before the court on Plaintiff's Motion for Relief from Final Judgment. (ECF No. 112.) For the reasons stated below, the court **DENIES** Plaintiff's Motion.

## I. JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 based on Plaintiff's allegations arising under 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 12112. The court also has jurisdiction under 42 U.S.C. § 2000e–5(f)(3) to hear Plaintiff's Title VII claim, which specifically grants jurisdiction to the court to hear cases under Title VII.

## II. ANALYSIS

Plaintiff asserts that in dismissing his Complaint, the court failed to reconsider the Magistrate Judge's Order (ECF No. 18) which found that Plaintiff's Complaint did not include a claim for a hostile work environment. (ECF No. 112 at 1.) Plaintiff never amended his Complaint, nor did he appeal the Magistrate Judge's findings regarding the construction of his Complaint. Thus, in recommending that Defendant's Motion to Dismiss should be granted, the Magistrate Judge's Report (ECF No. 93) did not recommend a disposition as to Plaintiff's claim for a hostile work environment. Therefore, the court's acceptance of the Report (ECF No. 93) and subsequent dismissal with prejudice of Plaintiff's Complaint (ECF No. 1) did not include the dismissal of Plaintiff's hostile work environment claim. As such, the court is unable to grant Plaintiff relief from its Order (ECF No. 98) because Plaintiff's claim for a hostile work environment was not before the court when it made its ruling.

## III. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Relief from Final Judgment (ECF No. 112) is **DENIED.**

**IT IS SO ORDERED.**

_J. Michelle Childs_
United States District Judge

February 9, 2018
Columbia, South Carolina